IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL J. BROOME,

                Plaintiff,

v.                                                   OPINION and ORDER

KOHN LAW FIRM, S.C. and JASON DONALD                18-cv-860-jdp
HERMERSMANN,

                Defendants.

---

This is a case brought under the Fair Debt Collection Practices Act. In his complaint, plaintiff Michael J. Broome alleged that defendants Kohn Law Firm, S.C. and Jason Donald Hermersmann violated the FDCPA by filing a debt-collection lawsuit against him in the wrong venue. *See Oliva v. Blatt, Hasenmiller, Leibsker & Moore LLC*, 864 F.3d 492 (7th Cir. 2017); *Suesz v. Med-1 Sols., LLC*, 757 F.3d 636 (7th Cir. 2014). The court entered judgment for $2,500 after Broome accepted defendants' offer of judgment.

Now Broome's counsel have filed a motion for $18,058.25 in attorney fees and $446 in costs. Dkt. 12. Defendants do not oppose counsel's request for costs, so the court will grant that aspect of counsel's motion as unopposed. As for counsel's fee request, defendants make three alternative proposals: (1) deny counsel's request in full because counsel hasn't shown that Broome consented to representation; (2) award $1,735 for time expended before defendants made a settlement offer in April 2018; or (3) award $2,595 for all of counsel's time to reflect awards in other cases.

For the reasons discussed below, the court will grant the fee petition in full. Although there may have been ways that counsel could have reduced their fees, the court concludes that the claimed rates and hours are reasonable overall, particularly in light of defendants' own

aggressive litigation tactics. The court will also approve counsel's supplemental request for an additional 11.5 hours of work to respond to defendants' 26-page opposition brief.

ANALYSIS

The parties do not dispute that the counsel of a prevailing plaintiff is entitled reasonable fees under the FDCPA. *See* 15 U.S.C. § 1692k(a)(3). The court uses a lodestar method to determine a reasonable fee, multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011). Defendants challenge both the rates and the amount of time claimed by counsel.

**A. Retainer agreement**

As a threshold matter, defendants question whether Broome's counsel are entitled to *any* fees because counsel failed to submit "evidence establishing that Plaintiff agreed to their services and/or rates, or that he was even aware of their involvement." Dkt. 27, at 4–5. But Broome submitted a declaration with his reply brief in which he says that he retained each of the lawyers included in the fee petition and agreed to pay the requested rates. Dkt. 32, ¶¶ 4–5. So that objection is moot.

**B. Rates**

Broome's counsel requests different hourly rates for three different lawyers: for DeVonna Joy, $450; for Nicholas Fairweather, $355 for work performed in 2018 and $400 for 2019; for Michael Godbe, $225 for 2018 and $250 for 2019. In support of her rate, Joy relies on the following:

- she has more than 31 years of legal experience and "exclusively practice[s] consumer protection law," Dkt. 14, ¶ 2;

2

- in affidavits, three other experienced Wisconsin consumer lawyers report that their hourly rates are between $400 and $475, Dkt. 20; Dkt. 24; Dkt. 26;

- in affidavits, two former clients aver that they paid Joy an effective rate of $450 an hour out of settlements they received, Dkt. 18 and Dkt. 21;

- according to the Consumer Law Fee Report, the median hourly rate for a lawyer with Joy's experience is $425.

In support of his rate, Godbe relies on the following:

- he has been practicing for more than two years and has been with Hawks Quindel since obtaining his license, Dkt. 15, ¶¶ 3–4;

- his requested rates are his standard hourly rates; in the underlying state court action, Broome paid Godbe an hourly rate of $225, *id.*, ¶¶ 6, 9;

- other lawyers state in affidavits that Godbe has a "great reputation" in the legal community and is a "rising star in consumer protection law," Dkt. 26, ¶ 14 and Dkt. 20, ¶ 9;

- according to the Consumer Law Fee Report, the median hourly rate for a lawyer with Godbe's experience is $250.

In support of his rate, Fairweather relies on the following:

- he is a shareholder at the firm Hawks Quindel, S.C. and has 18 years of experience practicing law, Dkt. 17, ¶ 3;

- his requested rates are his standard hourly rates, *id.*, ¶ 4;

- according to the Consumer Law Fee Report, the median hourly rate for a lawyer with Fairweather's experience is $475.

This court has observed in past cases that the most persuasive evidence of reasonableness is the hourly rate that clients actually pay, both to the counsel in that case and to other lawyers in the relevant market. *Moffat v. Acad. of Geriatric Physical Therapy*, No. 15-cv-626-jdp, 2017 WL 4217174, at *5 (W.D. Wis. Sept. 20, 2017); *Koziara v. BNSF Ry. Co.*, No. 13-cv-834-jdp, 2016 WL 4435299, at *2 (W.D. Wis. Aug. 19, 2016). Because

3

Broome's counsel have submitted both types of evidence, the court is persuaded that their rates are reasonable. *See also Swike v. Med-1 Sols., LLC,* No. 17-cv-1503-JMS-MPB, 2018 WL 2126520, at *3 (S.D. Ind. May 9, 2018) (approving hourly rates of more than $500 for experienced FDCPA lawyers and $295 for less experienced lawyer).

In arguing that the court should reduce counsel's rates, defendants provide the affidavit of another lawyer, Michael Greiber, who practices in Portage, Wisconsin. Greiber says that "[a]n hourly rate in excess of $200 per hour is . . . unreasonable." Dkt. 28, ¶ 4. But it is not clear what Greiber's foundation for that statement is. He doesn't attach a curriculum vitae to his affidavit and he doesn't say how many consumer law cases he has litigated on behalf of plaintiffs. His website states that his areas of practice are "real estate, business, bankruptcy, wills, probate disputes & personal injury."[1] He says nothing about consumer law. And he has appeared in this court only once, representing the defendant in a contract dispute. *See Volvo Financial Servs. v. Southwest Logisitics, Inc.*, No. 15-cv-357-wmc (W.D. Wis.). So that affidavit is simply not sufficient to overcome the presumption of reasonableness to which Broome's counsel is entitled. *See Boehm v. Martin,* No. 15-cv-379-jdp, 2017 WL 5186468, at *5 (W.D. Wis. Nov. 8, 2017) ("[A]ctual billing rates . . . are presumptively reasonable.").

## C. Hours

Broome's counsel seeks fees for 22.9 hours of Vos's work ($10,305), 32.25 hours of Godbe's work ($7,433.75), and .9 hours of Fairweather's work ($319.50). Defendants raise numerous objections to the reasonableness of these hours.

---

[1] "Welcome to Greiber Law SC," *available at* http://greiberlaw.com/.

### 1. Work performed after April 19, 2018

Defendants contend that Broome's counsel should not be awarded fees for any work performed after defendants offered to settle this case for $2,500, inclusive of fees and costs. They rely on *Moriarty v. Svec*, 233 F.3d 955, 967 (7th Cir. 2000), which states that "[s]ubstantial settlement offers should be considered by the district court as a factor in determining an award of reasonable attorney's fees, even where Rule 68 does not apply." Because Broome ultimately accepted a $2,500 offer of judgment, defendants say that their previous offer to settle the case for $2,500 should be viewed as substantial.

Defendants' argument has surface appeal, but it overlooks an important difference between the original and accepted offer, which is that the first offer included fees and costs. At that point, Broome's counsel says that it had accumulated $2,700 in attorney fees. Even defendants seem to acknowledge that plaintiffs incurred at least $1,735 in fees at that time because that is the amount that defendants say that the court should award Broome's counsel for time incurred before April 19, 2018.

Defendants say that their original settlement was enough to make *Broome* whole, so it was not in his interest for counsel to continue fighting over fees. But that is an overly simplistic view. As Broome's counsel points out, Broome was obligated under his retainer agreement to pay counsel out of his settlement. So accepting the settlement would have meant that Broome would receive no settlement or one that was greatly reduced.

Under these circumstances, the court concludes that defendants' original settlement offer was not substantial, so the court declines to reduce counsel's fee for refusing to accept the offer.

## 2. Other objections

Defendants raise objections to almost every aspect of the work that Broome's counsel performed, including the time they spent researching the law while preparing the lawsuit, drafting the complaint, considering the offer of judgment, and drafting the fee petition. Defendants' scrutiny was exacting: many of their objections relate to claimed time of .1 or .2 hours.

There may be room to debate whether each minute Broome's counsel spent on the case was absolutely necessary. But the role of the court is to review the fee petition for reasonableness, not perfection:

> [T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

*Fox v. Vice*, 563 U.S. 826, 838 (2011).

The gist of defendants' objections is that counsel over-litigated what is a simple claim with a small amount of damages. This is a fair point as a general matter. In determining the reasonableness of a fee, the court may consider the size of the fee in comparison to the size of the award. *Schlacher v. Law Offices of Phillip J. Rotche & Associates, P.C.*, 574 F.3d 852, 857 (7th Cir. 2009) ("[A] district court may consider proportionality as one factor in determining a reasonable fee."). But the court of appeals has repeatedly rejected a rule that attorney fees are necessarily unreasonable if they are greater, even significantly, than the plaintiff's damages. *E.g.*, *Anderson v. AB Painting and Sandblasting Inc.*, 578 F.3d 542, 545 (7th Cir. 2009) ("[W]e have rejected the notion that the fees must be calculated proportionally to damages" (internal quotations omitted)); *Eddleman v. Switchcraft, Inc.*, 927 F.2d 316, 318 (7th Cir. 1991) (fee

awards "should not be linked mechanically to a plaintiff's award"). The court has explained that "[f]ee-shifting would not discourage petty tyranny if attorney's fees were capped or measured by the amount in controversy." *Anderson,* 578 F.3d at 545.

In this case, a substantial portion of the blame for the size of the fees lies with defendants themselves. *See Anderson*, 578 F.3d at 546–47 (in considering reasonableness of fees, court may consider defendants' conduct). In April 2018, Broome offered to settle the dispute for $4,000, inclusive of fees and costs, but defendants rejected that offer. Dkt. 15-2. Defendants now criticize Broome's counsel for conducting research on potential defenses to Broome's claim, but it was defendants who prompted that research, contending in correspondence that they would prevail on a "bona fide error" defense and accusing counsel of acting in "bad faith." *Id.*

Defendants also object to Broome's counsel spending 23 hours on their fee petition. Although that is a significant amount of time, it turns out that it was time well spent. Defendants' opposition brief was 26 pages long, which undermines their contention that counsel should have devoted fewer resources to the petition. Some of defendants' arguments were that counsel should have provided *more* evidence and explanation of their fees. Other than a general assertion that the resources devoted to the fee petition were disproportionate, defendants fail to identify any part of it that was unnecessary. When a defendant drives up litigation costs through its own aggressive strategy, it cannot later object to counsel's efforts to do what is necessary to prevail. *See BCS Servs., Inc. v. BG Investments, Inc.,* 728 F.3d 633, 642 (7th Cir. 2013) (declining to reduce fees when "[t]he defendants were hyperaggressive adversaries" and "drove up the plaintiffs' legal costs without justification").

Two other issues remain. First, in their reply brief, Broome's counsel asks for fees for time spent on that brief. Specifically, they ask for 7 hours of Joy's time ($3,150) and 4.5 hours of Godbe's time ($1,125). In light of the numerous issues that defendants raised in their opposition brief, the court concludes that the requested time is reasonable.

Second, Broome's counsel asks the court to enter an amended judgment to reflect the fee award. But a separate judgment is not needed for an award of attorney fees, Fed. R. Civ. P. 58(a)(3); *Feldman v. Olin Corp.*, 673 F.3d 515, 516–17 (7th Cir. 2012), so the court will deny that request.

ORDER

IT IS ORDERED that plaintiff Michael Broome's motion for attorney fees and costs, Dkt. 12, is GRANTED. Counsel for Broome is AWARDED $22,333.25 in attorney fees and $446 in costs.

Entered April 15, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge